# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY MAYNARD KREAMER, | NO. 3:11-CV-1976 |
| Petitioner, | |
| v. | (JUDGE CAPUTO) |
| MOONEY, et al., | (MAGISTRATE JUDGE BLEWITT) |
| Respondents | |

## MEMORANDUM

Presently before the Court is the above captioned matter which has been remanded by the Third Circuit solely for a determination as to the issuance of a certificate of appealability ("COA"). In my December 30, 2011 Order, I adopted Magistrate Judge Blewitt's Report and Recommendation dismissing Kreamer's habeas petition for failure to exhaust his state court remedies. However, in my Order, I failed to address the issue of the COA. Because reasonable jurists would not disagree about requiring Kreamer to exhaust his claims in state court, the certificate of appealability shall not issue.

## BACKGROUND

On October 24, 2011, Petitioner Timothy Maynard Kreamer, an inmate at the State Correctional Institution at Dallas, Pennsylvania, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) In his Report and Recommendation, Magistrate Judge Blewitt determined that Kreamer's claims had not yet been exhausted in the state courts. Therefore, Judge Blewitt recommended that Kreamer's Habeas Petition (Doc. 1) be dismissed without prejudice allowing him to re-file after exhausting his state court remedies. It was also recommended that Petitioner's in *forma pauperis* Motion (Doc. 2) be granted solely for the purpose of filing this action. Thereafter, in an Order dated

December 30, 2011, I adopted Magistrate Judge Blewitt's Report and Recommendation. *Kraemer v. Mooney*, No. 3:11-cv-1976, 2011 WL 6888668 at *1 (M.D. Pa. Dec. 30, 2011).

Kreamer filed a Notice of Appeal on February 15, 2012. (Doc. 9.) Subsequently, in an Order filed March 2, 2012, the Third Circuit directed the Court to either issue a COA or state reasons why a COA should not issue. (Doc. 11.)

## **STANDARD OF REVIEW**

When a state prisoner seeks a writ of habeas corpus, he does not enjoy the "absolute entitlement to appeal a district court's denial of his petition." *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003) (discussing 28 U.S.C. § 2253). The prisoner must first obtain a COA in order for an appeal to appear before the court of appeals. *Id.*

As to the issuance of the COA, the Third Circuit Local Appellate Rule 22.2 provides the following:

> At the time a final order denying a petition under 28 U.S.C. § 2254 or § 2255 is issued, the district judge will make a determination as to whether a certificate of appealability should issue. If the district judge issues a certificate, the judge must state the specific issue or issues that satisfy the criteria of 28 U.S.C. § 2253. If an order denying a petition under § 2254 or § 2255 is accompanied by an opinion or a magistrate judge's report, it is sufficient if the order denying the certificate references the opinion or report. If the district judge has not made a determination as to whether to issue a certificate of appealability by the time of the docketing of the appeal, the clerk will enter an order remanding the case to the district court for a prompt determination as to whether a certificate should issue.

Third Circuit LAR 22.2. (emphasis added).

To be issued a COA, the petitioner must satisfy the requirements of § 2253 by making a "substantial showing of the denial of a constitutional right." *Miller-El*, 537 U.S. at

2

336 (quoting 28 U.S.C. § 2253(c)(2)).  It is not necessary for a petitioner to establish "that he will prevail." *Miller-El*, 537 U.S. at  323.  Instead, when courts reject "constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  However, if the claim is rejected on procedural grounds, the petitioner must establish a substantial showing that a constitutional right has been denied as a prerequisite to "consideration of the procedural issues in an appeal under Section 2254." *Coady v. Vaughn*, 251 F.3d 480, 488 (3d Cir. 2001).  Even where this has been demonstrated, the COA "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

## DISCUSSION

The certificate of appealability will be denied because jurists of reason would not call into question the Court's denial of Kreamer's Petition on the basis of failure to exhaust.

"The exhaustion doctrine, first announced in *Ex parte Royall*, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886), is now codified at 28 U.S.C. § 2254(b)(1)[]." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Pursuant to Section 2254, "Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *Id.* at 839.  In addition, "the state prisoner must give the state courts an opportunity to act on his claims before [presenting them] to a federal court in a habeas petition." *Id.* at 842.

Further, Section 2254(c) "requires only that state prisoners give state courts a fair opportunity to act on their claims." *Id.* at 844. The exhaustion doctrine was established to give state courts the "opportunity to resolve federal constitutional claims . . . by invoking one complete round of the State's established appellate review process." *Id.* at 845. Thus, courts will consider whether "a prisoner has exhausted his state remedies . . . [and] whether he has fairly presented his claims to the state courts." *Id.* at 848.

In the present matter, I adopted Magistrate Judge Blewitt's Recommendation that the Kreamer's Habeas Petition be Dismissed because it raised claims which had not yet been exhausted in state court. Specifically, Kreamer represented he had a collateral Post Conviction Relief Act Petition pending with the Lycoming County Court of Common Pleas, and he also had not exhausted his state remedies with respect to his May 27, 2010 parole revocation decision and the sentence of the Pennsylvania Board of Parole and Probation. As such, even assuming that a constitutional right has been denied, Kreamer has not shown that reasonable jurists could disagree with the Magistrate Judge's determination as to exhaustion. *See Weatherall v.* Reid, 59 Fed.Appx. 297, 298 (10th Cir 2003) (affirming the district court's denial of a COA where the petitioner's "failure to exhaust state remedies [was] not reasonably debatable.")). Here, as the law and the facts are clear regarding exhaustion, reasonable minds would not debate as to whether the issue should have been resolved differently. Therefore, the COA will be denied.

## **CONCLUSION**

For the reasons stated above, the Court will not issue a certificate of appealability.

An appropriate order follows.

 March 14, 2012                                                                   /s/ A. Richard Caputo
Date                                                                                    A. Richard Caputo
                                                                                           United States District Judge